GREGORY PULASKI *v.* CHARLES J. LEDWITH
(3046)

HULL, DALY and BIELUCH, Js.

Argued November 15—decision released December 17, 1985

*Dennis F. Gaffney,* for the appellant (defendant).

*James M. S. Ullman,* for the appellee (plaintiff).

HULL, J. The plaintiff, who was seriously injured in an altercation with the defendant, brought suit against him claiming damages in the first count of the substitute complaint for an intentional assault and in the second count for negligence. The defendant filed an amended counterclaim for damages alleging trespass in the first count, assault in the second count and invasion of privacy in the third count. The trial court awarded damages of $28,410 to the plaintiff on the complaint and found for the plaintiff on the counterclaim. The trial court filed a lengthy memorandum of decision setting forth in detail its factual findings.

The court made the following conclusions: "The defendant intentionally and willfully struck the plaintiff with force and caused the plaintiff to suffer personal injuries as a result thereof. The defendant used excessive force beyond the necessities of the situation, even if the defendant believed the use of force to be reasonable. There was no threat of immediate harm to justify such apprehension in the defendant. The defendant had no privilege of self-defense after the plaintiff was helpless. The defendant's use of force was unreasonable."[1]

The defendant appeals claiming, in essence, three principal grounds of error: (1) that there was insufficient evidence to support the findings; (2) that the court's conclusions of law were inconsistent with the findings of fact; and (3) that General Statutes §§ 52-174 and 4-104 do not authorize a court to determine medical questions without the benefit of medical testimony.[2]

---

[1] Although characterized by the court and the plaintiff as conclusions of law, these findings are more properly viewed as mixed conclusions of law and fact.

[2] The defendant also appealed from the judgment for the plaintiff on the counterclaim, but properly conceded in oral argument that if the trial court's factual and legal conclusions concerning the complaint were upheld by this court, the judgment on the counterclaim would necessarily follow the same course.

The defendant's appeal on the first two issues, despite his vigorous protestations to the contrary, is a blatant and futile attempt to retry the facts. This we cannot do. *Jones* v. *Litchfield,* 1 Conn. App. 40, 42, 467 A.2d 936 (1983), cert. denied, 192 Conn. 802, 470 A.2d 1218 (1984). "[The Appellate Court,] of course, may not retry a case. *Johnson* v. *Flammia,* 169 Conn. 491, 497, 363 A.2d 1048 (1975). The factfinding function is vested in the trial court with its unique opportunity to view the evidence presented in a totality of circumstances, including its observations of the demeanor and conduct of the witnesses and parties, which is not fully reflected in the cold, printed record which is available to us. Appellate review of a factual finding, therefore, is limited both as a practical matter and as a matter of the fundamental difference between the role of the trial court and an appellate court. See *Styles* v. *Tyler,* 64 Conn. 432, 450, 30 A. 165 (1894)." *Kaplan* v. *Kaplan,* 186 Conn. 387, 391, 441 A.2d 629 (1982). The question for this court is solely whether the trial court's factual findings are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

We conclude that the facts set out in the court's memorandum of decision are supported by the evidence and are not clearly erroneous in light of the evidence and the pleadings in the whole record. Id. We also reject the defendant's claim that the court's conclusions of facts and law are inconsistent. On the contrary, the court's conclusions are legally and logically correct and find support in the underlying facts set out in the memorandum of decision.

The defendant's next claim is that the court erred in finding the cause and extent of the plaintiff's injuries without a medical expert being called as a witness. The medical evidence introduced consisted of: (1) the plaintiff's hospital records admitted under General

Statutes § 4-104,[3] (2) a report of the physician who treated the plaintiff admitted under General Statutes § 52-174 (b),[4] and (3) x-rays.

The plaintiff relies on a statement in *Boland* v. *Vanderbilt,* 140 Conn. 520, 525, 102 A.2d 362 (1953), that "[t]he causal relation between an injury and its later physical effects may be established by the direct opinion of a physician, by his deduction by the process of eliminating causes other than the traumatic agency, or by his opinion based upon a hypothetical question." The defendant offers no authority for the proposition that the medical expert involved must appear in person. Such a claim belies the remedial purpose of General Statutes §§ 52-174 (b) and 4-104. Once in evidence, the expert's report and the hospital records are subject to the same standards of credibility as any other evidence. See *Boland* v. *Vanderbilt,* supra, 526.

The defendant had three avenues available to challenge the plaintiff's presentation of his medical testimony: (1) he could have called the treating physician as a witness;[5] (2) he could have offered his own medical testimony; and (3) he could have moved the court to draw an unfavorable inference from the plaintiff's failure to offer the treating physician as a witness. *Grabowski* v. *Fruehauf Trailer Corporation,* 2 Conn. App. 167, 169–70, 477 A.2d 685 (1984). The defend-

---

[3] General Statutes § 4-104, provides in pertinent part: "Any and all parts of any [hospital] record or copy, if not otherwise inadmissible, shall be admitted in evidence without any preliminary testimony . . . ."

[4] General Statutes § 52-174 (b) provides in part: "In all actions for the recovery of damages for personal injuries or death, pending on October 1, 1977, or brought thereafter, any party offering in evidence a signed report and bill for treatment of any treating physician . . . may have the report and bill admitted into evidence as a business entry and it shall be presumed that the signature on the report is that of the treating physician . . . and that the report and bill were made in the ordinary course of business."

[5] General Statutes § 52-174 (c) specifically provides in pertinent part: "This section shall not be construed as prohibiting either party or the court from calling the treating physician . . . as a witness."

ant pursued none of these alternatives. Instead, he lay back, as a sheep in a manger, and on appeal seeks a retrial of the factual basis of the court's medical findings despite his own inaction.

We have carefully examined the medical exhibits in the case and conclude that they adequately support the court's factual conclusions concerning the cause and the serious effects of the plaintiff's injuries. The defendant's other claims of error are without merit.

There is no error.

In this opinion the other judges concurred.