JOHN M. CRONIN *v.* VIRGINIA L. BLAISDELL
(5740)

SPALLONE, O'CONNELL and STOUGHTON, Js.

Submitted on briefs September 28—decision released November 24, 1987

*William F. Gallagher, Robert P. Borquez* and *Mark T. Altieri* filed a brief for the appellant (plaintiff).

*James E. Coyne* filed a brief for the appellee (defendant).

SPALLONE, J. In this appeal, the plaintiff avers as error the actions of the trial court (1) in admitting the testimony of a witness after the defendant failed to disclose the witness' identity in response to the plaintiff's request for interrogatories and production, (2) in admitting the medical report of a physician pursuant to General Statutes § 52-174 (b), (3) in admitting testimony that the plaintiff had made a claim for personal injuries sustained in a motor vehicle accident subsequent to the accident at issue in the present action, and (4) in refusing to set aside the jury's verdict which the plaintiff claimed to be inadequate.

In 1983, the plaintiff commenced this action, sounding in negligence, seeking to recover for personal injuries sustained by him in a motor vehicle accident which had occurred on March 15, 1982. The defendant denied liability and filed a special defense of contributory negligence. This matter was tried before a jury in November of 1986. The jury ultimately returned a verdict in which it found that the plaintiff suffered damages in the amount of $14,000. The jury also found, however, that the plaintiff was 30 percent contributorily negligent, and, accordingly, awarded the plaintiff damages in the amount of $9870. The plaintiff's motion to set

aside the verdict as inadequate was denied and the plaintiff appealed. We find no merit in any of the plaintiff's allegations of error.

The plaintiff first challenges the trial court's ruling admitting the testimony of Robert Lesnow, a chiropractor who had treated the plaintiff for spinal complaints both before and after the March, 1982 accident. The plaintiff claims this witness should not have been permitted to testify because the defendant failed to disclose the witness' identity in response to the interrogatories propounded by the plaintiff.[1] The trial court overruled the plaintiff's objection to the witness after a discussion outside the presence of the jury. During this discussion, defense counsel explained that he subpoenaed Lesnow only three days earlier and the chiropractor had yet to make any statements. In addition, defense counsel revealed that he had learned of Lesnow's existence through earlier discovery from the plaintiff.

We cannot conclude that the trial court was "reverting back to the days of trial by ambush" as the plaintiff claims. After listening to the arguments of both counsel, the trial court concluded that the defendant would be prejudiced by the exclusion of this witness and that the plaintiff could not legitimately claim surprise, having supplied information concerning the chiropractor to the defendant in the first place.[2] We see no reason to meddle with this ruling. "The action of the trial court is not to be disturbed unless it abused

---

[1] Question nine of the plaintiff's interrogatories reads: "Has any oral statement been made to the defendants or any representative of the defense by any witness regarding any issue involved in this action?" The defendant responded negatively and, having done so, several subsequent questions, which sought more specific information regarding such an oral statement, were rendered inapplicable.

[2] It should be made clear that, although the witness was a chiropractor, he was not offered as an expert witness. The provisions of Practice Book § 220 and the sanctions contained therein were never at issue here.

its legal discretion, and '[i]n determining this the unquestioned rule is that "great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness." *Dudas* v. *Ward Baking Co.,* 104 Conn. 516, 518, 133 A. 591 [1926] . . . . ' *Ardoline* v. *Keegan,* 140 Conn. 552, 555, 102 A.2d 352 [1954]." *Camp* v. *Booth,* 160 Conn. 10, 13, 273 A.2d 714 (1970), quoted by *Sturdivant* v. *Yale-New Haven Hospital,* 2 Conn. App. 103, 108, 476 A.2d 1074 (1984).

In the plaintiff's second claim of error, he contends that the court should not have admitted the x-ray report of radiologist Donald Zinn into evidence, pursuant to General Statutes § 52-174 (b).[3] At the time the x-rays were taken, the plaintiff was being treated by Moshe Hasbani, a neurologist. Hasbani testified that he referred the plaintiff to Zinn to facilitate his diagnosis and treatment of the plaintiff's complaints. The report filed by Zinn analyzing the results of those x-rays was relied on by Hasbani and made a part of his file. The plaintiff's conclusion that this chain of events did not result in Zinn's becoming a "treating physician" within the meaning of § 52-174 (b) is contrary to the factual reality of the matter. The court did not err in admitting this report in accordance with § 52-174 (b). See *Pulaski* v. *Ledwith,* 5 Conn. App. 629, 632, 501 A.2d 396 (1985), cert. denied, 198 Conn. 803, 503 A.2d 1186 (1986).

Third, the plaintiff argues that his testimony to the effect that he was involved in a subsequent motor vehi-

[3] General Statutes § 52-174 (b) provides in pertinent part: "In all actions for the recovery of damages for personal injuries . . . any party offering in evidence a signed report and bill for treatment of any treating physician . . . may have the report and bill admitted into evidence as a business entry and it shall be presumed that the signature on the report is that of the treating physician . . . and that the report and bill were made in the ordinary course of business."

cle accident in which he suffered injuries and for which he made claims similar to his claims in this action should not have been admitted by the court. The plaintiff testified on direct examination about his involvement in a second motor vehicle mishap in July, 1982, five months after the accident at issue here. After repeated attempts to minimize the importance of this second accident's effect on his physical complaints, the plaintiff was asked during cross-examination whether he had made a claim for personal injuries stemming from the second accident. The trial court overruled the plaintiff's relevancy objection and permitted the plaintiff to answer.

" 'Our rules of practice make it clear that when an objection to evidence is made, a succinct statement of the grounds forming the basis for the objection must be made in such form as counsel desires it to be preserved and included in the record. Practice Book § 288. "This court reviews rulings solely on the ground on which the party's objection is based." *State* v. *Manning,* 162 Conn. 112, 118, 291 A.2d 750 (1971).' " *State* v. *Manluccia,* 2 Conn. App. 333, 341, 478 A.2d 1035, cert. denied, 194 Conn. 806, 482 A.2d 711 (1984). The plaintiff in this case gave no such supporting statement, instead choosing to rely only on his bald assertion that the testimony was irrelevant. Because our review of the trial court's ruling is limited to the ground asserted; *State* v. *Brice,* 186 Conn. 449, 457, 442 A.2d 906 (1982); and because the trial court is vested with broad discretion in its rulings on questions of relevancy; *State* v. *Runkles,* 174 Conn. 405, 413, 389 A.2d 730, cert. denied, 439 U.S. 859, 99 S. Ct. 177, 58 L. Ed. 2d 168 (1978); every reasonable presumption must be given in favor of the trial court's ruling. *State* v. *Howard,* 187 Conn. 681, 685, 447 A.2d 1167 (1982). We do not

find an abuse of discretion in the admission of this testimony.[4]

Finally, the plaintiff claims that the trial court should have granted his motion to set aside the verdict as inadequate. This court has recently had a few opportunities to discuss the law in this area. See, e.g., *Shea* v. *Paczowski,* 11 Conn. App. 232, 526 A.2d 558 (1987); *Zimny* v. *Cooper-Jarrett, Inc.,* 8 Conn. App. 407, 513 A.2d 1235 (1986); *Zarrelli* v. *Barnum Festival Society, Inc.,* 6 Conn. App. 322, 505 A.2d 25, cert. denied, 200 Conn. 801, 509 A.2d 516 (1986).

"Our function on appeal is . . . limited to determining whether the trial court abused its discretion in denying the plaintiffs' motion to set aside the verdict. Such a decision 'can be disturbed only by considerations of the most persuasive character, as where the verdict shocks the sense of justice or the mind is convinced that it is in fact entirely disproportionate to the injury. [Maltbie,] Conn. App. Proc., p. 151.' *Mulcahy* v. *Larson,* 130 Conn. 112, 114, 32 A.2d 161 (1943)." *Zarrelli* v. *Barnum Festival Society, Inc.,* supra, 327. In accordance with the principles espoused in *Zarrelli* and the cases cited earlier, we find that the trial court was justified in its refusal to set aside the verdict of the jury.

There is no error.

In this opinion the other judges concurred.

---

[4] For the first time, in his brief, the plaintiff claims that this testimony's probative value was far outweighed by its prejudicial effect on the jury. "[A]ssuming arguendo that a claim of irrelevancy invokes by implication a claim that the probative value of evidence is outweighed by its prejudicial impact," we do not change our conclusion that the trial court did not abuse its discretion. *State* v. *Manluccia,* 2 Conn. App. 333, 342, 478 A.2d 1035, cert. denied, 194 Conn. 806, 482 A.2d 711 (1984).