[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPEAL FROM MAGISTRATE KOCHISS FRANKEL'S DECISION
This is an appeal from the decision of Magistrate Kochiss-Frankel rendered on May 13, 1992. The plaintiff has claimed five issues on appeal:
1. Whether the magistrate has exceeded her authority in deciding that this is an earning capacity case and that the guidelines do not apply when Judge Thim on May 30, 1991, entered orders strictly on the basis of the guidelines.
2. Whether the magistrate abused her discretion, acted outside the scope of her authorization, or acted contrary to the law in deciding that this was a "potential earnings case," not a guidelines case when neither the plaintiff nor the defendant raised this issue on the motion for contempt, motion for modification or in the evidence presented at the hearing on April 24, 1992.
3. Whether the magistrate abused her discretion in ordering support of $245.00 on a week.
4. Whether the magistrate abused her discretion by refusing to hear any evidence as to, the defendant's present husband's financial condition, by reviewing the petitioner's previous history as to support orders and courtroom behavior.
5. Whether the magistrate has abused her discretion, acted outside the scope of her authority or acted contrary to the law upon other issues as may become apparent upon review of the transcript.
As to all the questions presented, the answer is in the negative. The decision of the magistrate is sustained, and the appeal petition of the plaintiff is overruled.
The plaintiff's appeal is brought pursuant to the provisions of 46b-231(m) of the General Statutes. Subpart (7) of this section of the statutes provides as follows:
 (7) The superior court may affirm the decision of the family support magistrate or remand the case for further proceedings. The superior court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the CT Page 10490 decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The defendant raises as a preliminary issue the provisions of 46-231(n)(2) and claims that the plaintiff's appeal petition lacks a certification and that it was not until several requests were made to the plaintiff before a copy of the petition was forwarded on June 29, 1992. It is the defendant's claim that the plaintiff's petition should be dismissed on that ground alone.
Judicial form JD-FM-11, attached to plaintiff's appeal petition, contains such a certification. While the court has no reason to doubt defendant's counsel's representation, the court is confronted with the certification of mailing by plaintiff's counsel and defendant's counsel's representation. since there is a presumption of receipt upon mailing in the United states mails, thereby placing the burden on the defendant to demonstrate lack of receipt, the court rules the defendant has not sustained his burden on this issue and shall reach the merits on the plaintiff's appeal.
As to the plaintiff's reason for appeal number 1 that Judge Thim did on May 20, 1991, order $190.00 per week by way of child support in accordance with the child support guidelines, that was a determination made by him at that time in accordance with the financial affidavits of the parties filed at that time. Magistrate Kochiss-Frankel has ruled that the financial situation of the plaintiff has changed so that this is now a case to be judged on the basis of the plaintiff's earning capacity. This same judgment was made by magistrate Miller in a Memorandum of Decision dated January 3, 1992.
The power of the magistrate stems from the powers set forth in 46b-231(m)(2) which provides, in part, as follows: CT Page 10491
 (2) Family support magistrates shall hear and determine matters involving child and spousal support in IV-D support cases including petitions for support brought pursuant to section 17-82e, 17-324, 17-578 and 46b-215; applications for show cause orders in IV-D support cases brought pursuant to section (b) of section 46b-172, and actions for interstate enforcement of child and spousal support under sections 46b-180 to 46b-211, inclusive, and shall hear and determine all motions for modification of child and spousal support in such cases.
Pursuant to this authority, Magistrate Kochiss-Frankel had the power to determine whether the family support guidelines applied or whether this was a "potential earnings case."
As to the reason for appeal number 2, that is that the magistrate abused her discretion, acted outside the scope of her authority, or acted contrary to the law in deciding that this was a "potential earnings case," the court has reviewed the transcript of the proceedings before Magistrate Kochiss-Frankel together with the transcript of the proceedings before Magistrate Miller. The determination of Magistrate Kochiss-Frankel that this was an earning capacity case is well within the statements made before her in the hearing on April 24, 1992, and the testimony of both parties before Magistrate Miller on February 6, 1992, which the parties urged Magistrate Kochiss-Frankel to consider.
The court finds no abuse of discretion. The fact that neither party may have raised this issue during the course of testimony or by argument makes no difference. The magistrate was well within her authority to make such a determination upon the evidence presented to her. An examination of her Memorandum of decision demonstrates the thoroughness with which a reviewed the earnings of the plaintiff since the first of the year.
As to reason of appeal number 3, the court denied the plaintiff's motion for modification and, therefore, continued the order of support of $190.00 per week and $55.00 per week on CT Page 10492 the arrearage. The current order of support is $190.00 per week and not $245.00 per week as suggested by counsel in his reasons for appeal. The magistrate did not abuse her discretion in denying plaintiff's motion for modification and continuing this order.
Reason of appeal number 4 is divided into two parts. It is the plaintiff's claim that the magistrate refused to hear evidence as to the defendant's present husband's financial condition. See McGuinness v. McGuinness, 185 Conn. 7, 12-13
(1991); Manaker v. Manaker, 11 Conn. App. 653 (1987); Logan v. Logan, 13 Conn. App. 298 (1988). The issue was raised at page 24 of the transcript of proceedings before Magistrate Kochiss-Frankel on April 24, 1992, as follows:
 MR. BUSEC [sic] [plaintiff's counsel]: . . . Mrs. Bardsley says she's not working today. Recently in an affidavit filed in the Stamford Superior Court between she and her current husband —
 THE COURT [Magistrate Kochiss-Frankel]: I don't think that would be relevant.
 MR. FITZMAURCE [sic] [Counsel for the defendant]: It doesn't appear —
 MR. BUSEC [sic]: — joint expenses being payed [sic] by Mr. —
 THE COURT: She has presented a financial affidavit to the Court also, correct?
 MR. FITZMAURCE [sic]: Hers, your honor, stands the same as it did in December, with minor revisions. In the affidavit are living expense and expenses on this child alone. And it's very clear there that it's something like $625 dollars a week. That's not asking Mr. Bardsley to contribute anything near even half what the expenses are for the full maintenance of this child; these are through her own resources that she's able to provide a standard of living to her child that far exceeds — CT Page 10493
 THE COURT: Anything further? Because a lot of it is for me to go back through the Court file. Only I'm not going to enter a decision today. I'm going to reserve decision so I can review what's in the file.
 MR. BUSEC [sic]: The last point I want to make in answer to your honor's question before, I do want to pose the situation where you have a change in circumstances, but it is not a substantial change as defined by the Court. In other words, you may have a situation where it's something like $400 a week before and it's down to $325. That modification may well be denied, and the orders may still be based upon the earlier $400 per week. That is a very unfair result; if income reduction is modest, to further deny that modification and then deny a subsequent modification if the income is further reduced; that further causes you —
THE COURT: If you want time today —
 MR. FITZMAURCE [sic]: I don't think it's necessary for this reason. Because if you look, there was a May decision, a December motion, and then a February motion. Then the Court —
 THE COURT: I'll review the file. This I can keep?
Transcript, April 24, 1992 Hearing before Magistrate Kochiss Frankel.
As may be noted from the transcript, there was no ruling by the magistrate on this issue. No objection was made. No exception noted. The recent decision of State v. Dukes,29 Conn. App. 409 (Conn. Law Jn. Nov. 3, 1992), controls this question wherein the court stated as follows:
When objecting to evidence, counsel must CT Page 10494 succinctly reveal the basis of the objection. State v. Addazio, 169 Conn. 416, 427, 363 A.2d 153 (1975); State v. Manning, 162 Conn. 112, 118, 291 A.2d 750 (1971); Casalo v. Claro, 147 Conn. 625, 628-29, 165 A.2d 153 (1960); State v. Manluccia, 2 Conn. App. 333, 341-42, 342, 478 A.2d 1035, cert denied, 194 Conn. 806, 482 A.2d 711 (1984). Practice Book 288 provides: "Whenever an objection to the admission of evidence is made, counsel shall state the grounds upon which it is claimed or upon which objection is made, succinctly and in such form as he desires it to go upon the record, before any discussion or argument is had . . . . An exception to the ruling must be taken in order to make it a ground of appeal." The purpose of this rule is to apprise the trial court of "the precise nature of the objection and its real purpose, in order to form an adequate basis for a reviewable ruling." State v. Braman, 191 Conn. 670, 684, 469 A.2d 760 (1983).
 "This court reviews rulings solely on the ground on which the party's objection is based." State v. Manning, supra. Our review of the trial court's ruling on an objection is limited to the grounds asserted by the party at trial. State v. Braman, supra, 684-85; State v. Brice, 186 Conn. 449, 457, 442 A.2d 906 (1982); State v. Manluccia, supra. We have consistently stated that we will "not consider . . . evidentiary rulings . . . where no claim of error was preserved for review on appeal by proper objection and exception." State v. Hoffler, 174 Conn. 452, 461, 389 A.2d 1257 (1978). "Only the most exceptional circumstances will save a claim, constitutional or otherwise, from the fatal consequences of a defendant's failure to make a timely objection . . . . The policy behind this rule is both ancient and sound and does not permit a defendant in a criminal case to CT Page 10495 . fail, whether from a mistake of law, inattention or design, to object to matters occurring during a trial until it is too late for them to be corrected or even considered and then, if the outcome proves unsatisfactory, to raise them for the first time on appeal." (Citations omitted; internal quotation marks omitted.) State v. Baker, 182 Conn. 52, 56, 437 A.2d 843
(1980).
The motion was not properly raised to the magistrate and may not now be raised for the first time on this appeal.
The second part of reason of appeal number four claims that the magistrate abused her discretion by reviewing the previous history as to support orders and the plaintiff's courtroom behavior factoring this information into her decision. It is perfectly proper for the court to review all matters of record and it may take judicial notice of all papers forming a part of the file and use them for any proper purpose. Nichols v. Nichols, 126 Conn. 614, 620 (1940); German v. German,125 Conn. 84, 89 (1938); Melanson v. Rogers, 38 Conn. Sup. 484; Holden Daly, Connecticut Evidence 25, p. 121; See State v. Crump, 201 Conn. 489, 500 (1986), as to the Supreme Court.
As to reason of appeal number five, the plaintiff has not cited any other issue which became apparent after review of the transcript.
There is no error.
EDGAR W. BASSICK, III, JUDGE