STATE OF CONNECTICUT *v.* MARVIN WEINRIB

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued June 4—decided August 4, 1953

*Nelson Harris,* with whom, on the brief, was *Charles G. Albom,* for the appellant (defendant).

*George R. Tiernan,* prosecuting attorney, for the appellee (state).

BROWN, C. J. The jury found the defendant guilty on an information charging him with transporting Frank J. Kaminski for the purpose of prostitution, in violation of § 8548 of the General Statutes. The defendant's motions for a directed verdict and to set aside the verdict of guilty were denied and sentence was imposed by the court. The defendant has appealed. Since his brief includes no appendix pursuant to §§ 445 (d) and 447 of the Practice Book, the errors assigned in the denial of the motions require no consideration. See Maltbie, Conn. App. Proc., §§ 116, 117; *Kirkbride* v. *Bartz,* 82 Conn. 615, 619, 74 A. 888; *Firszt* v. *Kalinowski,* 109 Conn. 732, 144 A. 894; *Hoyt* v. *Stuart,* 90 Conn. 41, 44, 96 A. 166. The same holds true as to claimed errors in the finding. The questions determinative of the appeal, therefore, relate solely to certain rulings on evidence.

The pertinent facts disclosed by the record are: At 3 a.m. on July 10, 1952, the defendant, a taxicab driver, drove Kaminski, a merchant seaman of Chester, Pennsylvania, to 22 Canal Street in New Haven, knowing that his purpose was to have immoral sexual relations with a woman; the defendant was well acquainted with the inmates of this tenement, George Roe and Beatrice Moore; he collected $20 from Kaminski and thereupon arranged for him to enter

the place and gratify his desires with Beatrice, which he did; while in the place, Kaminski also paid for the drinks and, owing to a marked deck, lost $80 in a card game; at about 6:30 a.m. the defendant called for him, drove him back to his ship, and was paid the taxi fares.

On July 25, 1952, the defendant was convicted in the City Court of New Haven on a charge identical with that referred to in the first paragraph of this opinion. He thereupon appealed to the Court of Common Pleas, where the case was tried de novo to the jury. When the case was so tried, Kaminski was not available to testify and the state offered in evidence the transcript of the testimony which had been taken in the City Court. The court, over the defendant's objection, allowed the pertinent part of Kaminski's testimony to be read to the jury. The gist of what was read is stated in the preceding paragraph. Counsel for the defendant conceded that the transcript read reflected the proceedings in the City Court accurately, that the defendant was present when Kaminski testified, and that the latter was subjected to cross-examination by counsel for the defendant. Objection was raised, however, on the ground that the state had failed to establish a proper foundation showing the unavailability of Kaminski as a witness, as required under the rule laid down in *State* v. *Gaetano,* 96 Conn. 306, 314, 114 A. 82. It was there held that where the accused, upon his appeal to the Court of Common Pleas, was charged with the identical offense for which he had been prosecuted and convicted in the City Court, on which occasion he had, through counsel, cross-examined the missing witness, and where diligent and reasonable search had been made for the witness to secure her attendance on the trial in the Court of Common Pleas and there was

no reason to believe that she could be found and procured as a witness at any reasonable time in the future, the stenographic notes of her testimony in the City Court were admissible when duly authenticated under oath by the stenographer of that court. The defendant's objection is restricted to the claim that in the case at bar the court was unwarranted in reaching the essential conclusion that a diligent and reasonable effort had been made to bring Kaminski into Connecticut to testify. This requires consideration of the evidence offered upon this issue in the Court of Common Pleas.

The testimony of state policeman Trippe shows that the case was tried on September 30 and October 1, 1952; that some two weeks previously the prosecutor had given him a subpoena for service on Kaminski; that by virtue of an inquiry at the local office of the Atlantic Refining Company, he learned that Kaminski was employed by it as third mate on the tanker Atlantic Seaman, working out of the company's depot at Philadelphia; that by telephoning that office he ascertained that Kaminski's ship was due in New Haven on September 19; that he left word for Kaminski to telephone him upon his arrival, which Kaminski failed to do; that upon calling the New Haven office on September 19 he was told that Kaminski had already gone, and upon again calling Philadelphia he was informed that the ship was en route to Venezuela and was due in Philadelphia on September 23; that in response to his request Kaminski did telephone him from Philadelphia on September 25 and was told that the case was down for trial on the 30th and that he was to be there; that Kaminski replied that he would lose his job if he came, that this would be so even if his ship should dock at New Haven on that day, for it never remained there long-

er than for the uncertain period necessary to unload, which was seventeen hours at the maximum, that he had no idea when the ship would be in New Haven again, and that it would be impossible for him to come to court at any time. Trippe further testified that upon searching throughout the courthouse on September 30 he had ascertained that Kaminski was not there. It is undisputed that Kaminski was not a resident of Connecticut but lived in Chester, Pennsylvania, during the entire period in question in this case. There was no evidence that Pennsylvania has in force a statute relating to attendance of witnesses in criminal proceedings whereby Kaminski's attendance could have been compelled, and the trial court was not asked to take judicial notice of such a statute if it exists.

There is a surprisingly large number of decisions which have dealt with the various phases involved in the question of the admissibility in a criminal proceeding of the prior testimony of an unavailable witness. This is demonstrated by the very extensive notes contained in the four volumes of American Law Reports cited below. We specifically refer to these, instead of needlessly encumbering this opinion with extended citation of particular cases. In so doing, our discussion is restricted to the sole issue raised by the defendant's objection: What constitutes the essential predicate as to the unavailability of a witness which warrants receiving his former testimony in evidence? It has been stated that the prevailing rule is that absence of the witness from the jurisdiction will justify reproduction of his testimony. Notes, 15 A.L.R. 495, 517, 79 A.L.R. 1392, 1398, 159 A.L.R. 1240, 1244. Cases holding that the fact of residence in another jurisdiction is per se sufficient predicate are referred to in the above anno-

tations at pages 529, 1398 and 1244 respectively. Due diligence to procure the attendance of the absent witness has been recognized in many cases, however, as an essential to proper predicate of unavailability. Notes, 79 A.L.R. 1392, 1399, 122 A.L.R. 425, 433, 159 A.L.R. 1240, 1249. It has been quite generally held that the sufficiency of the showing as to the absence of the witness from the jurisdiction and as to the exercise of due diligence in attempting to produce him to testify is a question addressed largely to the discretion of the trial court the exercise of which will not be reversed in the absence of abuse. Notes, 79 A.L.R. 1392, 1405, 122 A.L.R. 425, 432, 159 A.L.R. 1240, 1247.

Our decision in *State* v. *Gaetano,* 96 Conn. 306, 114 A. 82, as illumined by the extensive authority referred to above, affords a sound basis for adopting the following rule, which determines the question in the case at bar: The testimony of a witness at a prior criminal trial of the accused is admissible upon a subsequent trial where the charge is identical with that at the former trial, if the accused was present at the former trial and had an opportunity to cross-examine the witness, and, further, if upon the subsequent trial the witness is absent from the jurisdiction of the state and a reasonably diligent effort to procure his return to Connecticut to testify has proven unsuccessful. Whether these conditions have been met presents a preliminary question for the trial court's determination. The admission of the evidence, therefore, rests within the sound discretion of the court and its exercise thereof will only be over-ruled when abused.

Under this rule, the court's admission of the evidence cannot be disturbed. As was well observed in a case involving a similar question, "if it be shown

that a [nonresident] witness is inaccessible after reasonable effort to locate him, or being located, he refuses or is unwilling to attend and give testimony, his former testimony should become admissible." *State* v. *Lloyd,* 337 Mo. 990, 996, 87 S.W.2d 418; *People* v. *Sinclair,* 327 Mich. 686, 691, 42 N.W.2d 786. The trial court did not err in admitting the evidence.

None of the other three rulings on evidence merits extended discussion. City police officer Graves, called by the state, testified on direct examination that Kaminski had stated in the presence of the defendant that before he got out of the cab at 22 Canal Street the defendant, upon returning after having entered the place, said to him, "You need some money." On cross-examination the defendant laid in as an exhibit Graves' detective report and then asked the witness if this exhibit "would contain everything that was said by Mr. Kaminski particularly in so far as [the defendant] is concerned." Upon objection the court excluded the question. The exhibit contained the statement that Kaminski had stated in the defendant's presence that, after arriving at 22 Canal Street, "he Kaminski gave the $20.00 dollars to [the defendant] so they could get into the house." Even if the general principle that a witness is entitled to examine a writing before being required to answer questions on cross-examination concerning it were to be held inapplicable, there was no such discrepancy between the two statements quoted as to constitute a material contradiction of statements by the witness to affect his credibility, the only apparent purpose of the question. The court's ruling, even if erroneous, was harmless.

Subsequently on cross-examination Graves testified that the first complaint made to him was that Kaminski had been cheated out of $100, as stated in

his detective report. The defendant then asked if it was not after that, when the officer "had talked with all concerned . . . that something was said about $20?" Upon objection the court excluded the question. In view of its relative immateriality this was well within the court's discretion. The final ruling complained of relates to the court's exclusion of testimony by the defendant offered to contradict an answer by the state's witness Widman on cross-examination that he did not recall that the defendant had made certain statements upon an immaterial matter. This claim is obviously without merit.

There is no error.

In this opinion the other judges concurred.