STATE OF CONNECTICUT *v.* HENRY MANNING

HOUSE, C. J., COTTER, THIM, SHAPIRO and LOISELLE, Js.

Argued October 12—decided December 22, 1971

*Charles G. Karanian,* with whom were *Daniel J. Hagearty* and *Lewis Platt,* for the appellant (defendant).

*George D. Stoughton,* chief assistant state's attorney, with whom was *John D. LaBelle,* state's attorney, for the appellee (state).

LOISELLE, J. The defendant, Henry Manning, was tried to the jury on an information in eight counts. Four counts charged him with the crime of injury or risk of injury to a child on four different days and four counts charged indecent assault on the same days. The jury acquitted the defendant on the four counts of indecent assault, but found him guilty on the four counts of injury or risk of injury to a child. From the judgment of guilty on those four counts, he has appealed. There are seven assignments of error and all are pressed on the appeal.

From the evidence introduced at the trial, the state claimed to have proved that the defendant was a teacher of retarded children at a junior high school; that these children had an intelligence quotient of seventy-five or lower; that, on several occasions, he called a student, the complaining witness, aged fifteen, into the cloakroom of his classroom and committed on her person the crime charged. The defendant offered evidence to prove, beside his educational background and his relationship with the faculty at the junior high school, that he is married and has four children; that the complaining witness is socially and emotionally different from children in the regular classes at the school; that she is preoccupied with sex; that he took students into the cloakroom or outside the classroom to chastise or scold them; that he had on occasion taken the complaining witness to the cloakroom when her behavior or her problem demanded it; that he is a state-certified psychological examiner; that he has a good reputation in the area for truth and veracity; and that he is not guilty of the offenses charged.

The defendant claims that the trial court erred in refusing to order a psychological evaluation of three witnesses for the state, all minors, to aid in

determining their competence to testify. The competency of a witness is a matter peculiarly within the discretion of the trial court and its ruling will be disturbed only in a clear case of abuse or of some error in law. *State* v. *Orlando,* 115 Conn. 672, 675, 163 A. 256. The considerations which should govern the determination of competency are the proposed witness' maturity to receive correct impressions by his senses, ability to recollect and narrate intelligently, and ability to appreciate the moral duty to tell the truth. *State* v. *Segerberg,* 131 Conn. 546, 547, 41 A.2d 101; *Kuczon* v. *Tomkievicz,* 100 Conn. 560, 570, 124 A. 226; see McCormick, Evidence, pp. 139-40; note, 18 A.L.R.3d 1433.

The finding indicates that the court considered the question whether there was sufficient doubt as to the competency of the three proposed witnesses to warrant their examination. The court concluded that the complaining witness was competent on the basis of the preliminary examination, relevant testimony from previous witnesses, and the court's own observation of demeanor. It satisfied itself on the question of her competency according to the principle indicated in *State* v. *Segerberg,* supra, and found there was no need for a psychiatric examination. The court also found to be competent the two other minors offered as witnesses. It did so as to one on the basis of that witness' testimony and as to the other minor witness on the basis of a preliminary examination. In both instances, the court ruled in accordance with the principle in *State* v. *Segerberg,* supra. The trial court did not misapply any principle of law or, on the facts appearing of record, depart from a reasonable determination of the competency of the three minor witnesses. It was explicitly declared in *State* v. *Vars,* 154 Conn.

255, 268, 224 A.2d 744, that the court is not bound to order a mental examination to aid it in its ruling on competency in all cases: " 'The court is not bound to order an examination on the question merely because counsel for the accused requests that it be done, where the court, after hearing the testimony of the witness, has no doubt of his mental soundness.' "

The defendant claims that the court erred in not allowing the cross-examination of the complaining witness' mother as to her child's medical and psychiatric history. The record does not indicate that the issue was within the scope of the direct examination or that the defendant claimed the cross-examination as affecting credibility. Cross-examination, insofar as it does not take the form of an attack on the credibility of the witness, is limited to the subject matter of the direct examination. *Mendez* v. *Dorman,* 151 Conn. 193, 198, 195 A.2d 561; *Lancaster* v. *Bank of New York,* 147 Conn. 566, 571, 164 A.2d 392; *Finch* v. *Weiner,* 109 Conn. 616, 619, 145 A. 31. Where, as here, there is such an obvious basis for denying cross-examination, no error can be found. Further, in the view of the trial court, the defendant, by his questions, was attempting to suggest adverse facts of which he had no proper evidence. "If the defendant wished to extend his examination beyond the scope of the matters covered in the direct examination, he should have made the witness his own. *Finch* v. *Weiner,* 109 Conn. 616, 619, 145 A. 31. And the evidence should have been offered in an orderly way in the course of the defendant's own case." *Grievance Committee* v. *Dacey,* 154 Conn. 129, 151, 222 A.2d 339, cert. denied, 386 U.S. 683, 87 S. Ct. 1325, 18 L. Ed. 2d 404.

After the defendant had rested his case, the state,

in rebuttal, offered the testimony of two girls, both minors and former pupils of the defendant. They testified that the defendant committed acts on them of the same type as those charged in the information here. The defendant claims that this testimony was improper rebuttal. A close reading of the record does not disclose a succinct statement of the grounds for the objections which is required by Practice Book § 226. Indeed, the whole argument of counsel is too vague to establish any ground of objection other than the claim that the defendant had not been charged with these crimes and that such testimony was improper rebuttal.

Except with respect to the issue of competency, which we have already discussed, the record reveals only four instances where the defendant excepted to the testimony of the two girls. The first occurred when the state asked one of the girls if she had occasion to go into the cloakroom with the defendant. The defendant objected on the ground that "as long as Mr. Accarpio can't testify to the actions which took place in the classroom, Your Honor, then this witness shouldn't be allowed." The court overruled the objection and the defendant took an exception. The second occurred while the same witness was testifying and came after a fairly lengthy colloquy between the court and counsel. In the course of the colloquy the court stenographer read previous testimony of the defendant, on his cross-examination, in which he denied taking students into the cloakroom to molest them. The court stated to counsel that "because of that testimony, and the offer here made, not on the basis to explain motive, but on the basis to explain that there was an inconsistency here, that there is a question of credibility, and to show perhaps a common design in the nature in which

they were committed, and I don't know what's coming, as you well know. It's offered now. It's up to you to object to it and protect your rights by objection." Thereafter, the state asked the witness what happened when she went into the cloakroom with the defendant. The defendant objected, stating: "Unless a time is specified here . . . it's improper." The court overruled the objection and the defendant took an exception. The third occurred while the same witness was testifying. When the state asked what occurred when she was in the cloakroom with the defendant, counsel for the defendant inquired whether the defendant was being charged with "anything regarding this girl." The court answered: "The state's attorney right now is examining the witness in rebuttal and he may proceed to do so." The court overruled the objection and the defendant took an exception. The fourth occurred when the second girl was testifying. The state asked whether she had had discussions with the defendant in the cloakroom, during the ninth grade. There was an objection on the ground that the year in which this occurred was not established. The court overruled the objection and the defendant took an exception.

This court reviews rulings solely on the ground on which the party's objection is based. *Casalo* v. *Claro,* 147 Conn. 625, 629, 165 A.2d 153. The two rulings concerning the time when each girl was in the cloakroom with the defendant were within the court's discretion. The ruling concerning the objection to testimony by one witness because another was not allowed to testify is without merit and requires no further comment. It is unknown what claim the defendant relied on when he asked whether the state was adding a new charge. In the absence of a specific ground of objection we do not usually

consider the ruling. *LaVoie* v. *Marshall,* 141 Conn. 681, 687, 109 A.2d 508; *McCarthy* v. *Maxon,* 134 Conn. 170, 173, 55 A.2d 912; *Petrillo* v. *Kolbay,* 116 Conn. 389, 395, 165 A. 346. The defendant's brief claims that the testimony of the two girls should not have been admitted because it contained evidence of unrelated criminal acts which may not be admitted to prove the commission of the one charged. The defendant did not object on this ground. The first statement of the court quoted above indicates that it was well aware of the general rule that such evidence was not admissible, but it is also apparent that the court was concerned with whether the offered testimony might fall within an exception to the general rule. See *State* v. *Holliday,* 159 Conn. 169, 172, 268 A.2d 368; *State* v. *Jenkins,* 158 Conn. 149, 157, 256 A.2d 223; *United States* v. *Deaton,* 381 F.2d 114 (2d Cir.). The court informed counsel of its concern and, in effect, advised counsel that objection should be made if such testimony was not within any exception to the general rule. The only exceptions taken are the exceptions stated, none of which alerted the court to the claim now made. Also, the defendant's brief, although unclear, seems to claim that it is improper for the state, after cross-examination of the defendant on a collateral matter, to call other witnesses to contradict him. See *State* v. *Weinrib,* 140 Conn. 247, 99 A.2d 145; *Hirsch* v. *Vegiard,* 137 Conn. 302, 304, 77 A.2d 85; *Johnson* v. *Charles William Palomba Co.,* 114 Conn. 108, 115, 157 A. 902. The record indicates that the defendant never asserted this claim, other than to state that the evidence was improper rebuttal. At the time of the objection and exception, there was no hint to the court that this claim was relied on. Because the claim was not before the court at the time of the

ruling, it is not considered. *LaVoie* v. *Marshall,* supra; *Voegeli* v. *Waterbury Yellow Cab Co.,* 111 Conn. 407, 410, 150 A. 303. The record reveals that no exception was taken to the charge; consequently, it is presumed to be correct in law, with adequate instructions to the jury concerning the limited purpose for which it could consider the evidence offered by the girls. *State* v. *Holliday,* supra, 174.

During the trial, the state called an attorney who had represented the defendant before the board of education. The defendant objected to the attorney testifying on any matter, on the ground of privilege. The objections and exceptions were to two questions; in one, the state asked whether the attorney had had "certain conversations with Mr. Manning" on a particular day and in the other it asked: "Where were those conversations held?" The defendant claims the court erred in allowing the state to offer as a witness an attorney, whom the defendant had formerly retained, where it is clear that the attorney-client relationship will be invoked. The fact that an attorney may not disclose privileged communications between himself and his client does not affect his capacity and his duty to testify as to other matters when called on to do so. We are in accord with the majority rule that the privilege does not extend beyond communications. *Hurley* v. *Connecticut Co.,* 118 Conn. 276, 284, 172 A. 86; *Doyle* v. *Reeves,* 112 Conn. 521, 523, 152 A. 882; notes, 114 A.L.R. 1321, 16 A.L.R.3d 1047. "To be entitled to privilege, however, the proffered evidence must meet the qualifications prescribed by the rule. 8 Wigmore, Evidence (3d Ed.) § 2292." *McWilliams* v. *American Fidelity Co.,* 140 Conn. 572, 581, 102 A.2d 345. *Turner's Appeal,* 72 Conn. 305, 318, 44 A. 310, states that an attorney may properly be requested to answer the questions

by whom he is employed and in what capacity. Thus, an attorney is not bound to remain silent as to all information regarding his client, but only as to that information born of confidential communication. The court did not err by allowing the attorney to be called as a witness nor did it err by allowing the witness to answer the two questions, since neither related to communications between the attorney and his client.

The defendant assigns as error the court's refusal to grant a continuance to allow him to produce a rebuttal witness. A motion for a continuance is within the discretion of the trial court and its ruling will stand unless that discretion is abused. *State* v. *DiBella,* 157 Conn. 330, 344, 254 A.2d 477; *State* v. *McLaughlin,* 126 Conn. 257, 260, 10 A.2d 758. Where a court acts reasonably in denying a motion, it has not abused its discretion. *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 611, 153 A.2d 463. Every reasonable presumption in favor of the correctness of its action must be made. *Cables* v. *Bristol Water Co.,* 86 Conn. 223, 225, 84 A. 928. The defendant sought the continuance in order to obtain a witness to rebut the testimony of the two girls who had testified on rebuttal. The record indicates that the state's attorney informed the court that he had told the defendant's counsel, during the course of the trial, that the girls would be called to testify and, at the same time, showed their statements to him. On these facts, it was reasonable for the court to conclude that there was neither surprise nor insufficient time allowed to counsel to warrant a delay in the proceedings, with its concomitant inconvenience and cost. The trial court did not abuse its discretion in this regard.

The final assignment of error claimed by the

defendant is that the trial court erred in refusing to set aside the verdict of guilty on the counts on which the defendant was convicted because it was inconsistent with the verdict of not guilty on the other counts. The claim is without merit. "Consistency in the verdict is not necessary." This is the language of Mr. Justice Holmes in the landmark case of *Dunn* v. *United States,* 284 U.S. 390, 393, 52 S. Ct. 189, 76 L. Ed. 356. The rule is accepted in most jurisdictions. Notes, 18 A.L.R.3d 259, 16 A.L.R.3d 866. Our cases are in accord with this principle. In *State* v. *Whiteside,* 148 Conn. 208, 169 A.2d 260, cert. denied, 368 U.S. 830, 82 S. Ct. 52, 7 L. Ed. 2d 33, the defendant complained of his conviction on count 12 of his information because it was inconsistent with the verdict of not guilty on other counts. We said (p. 214) : "Each count in the information charged a separate and distinct offense and was complete in itself. The only question is whether the evidence was sufficient to support a conviction on count 12, irrespective of the verdict on the other counts. . . . [T]he defendant has not questioned the sufficiency of the evidence to warrant a conviction on count 12. There was no basis for the court to disturb the verdict on that count."

Setting aside a verdict is within the discretion of the trial court and its ruling will not be upset except for a clear abuse of it. *State* v. *McGinnis,* 158 Conn. 124, 129, 256 A.2d 241; *Brooks* v. *Singer,* 147 Conn. 719, 158 A.2d 745. When the decision of the judge concurs with that of the jury there is a strong argument for sustaining the action of the trial court. *Zullo* v. *Zullo,* 138 Conn. 712, 715, 89 A.2d 216. In determining whether the trial court abused its discretion we decide only whether the jury could reasonably and logically have reached the conclusion

which they did. *Akers* v. *Singer,* 158 Conn. 29, 32, 255 A.2d 858; *Conti* v. *Brown,* 149 Conn. 465, 467, 181 A.2d 591; *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596.

While an inconsistent verdict is not objectionable in itself, its inconsistency may be considered insofar as it supports a claim that the jury's conclusion was not reasonably and logically reached. With respect to this consideration, *State* v. *Keating,* 151 Conn. 592, 200 A.2d 724, is directly applicable and controlling. A ruling on a motion to set aside a verdict is tested by the evidence and not by the finding. *State* v. *Devine,* 149 Conn. 640, 654, 183 A.2d 612. The defendant filed no appendix with his brief. In the absence of any appendix containing relevant evidence, there is no factual basis before an appellate court on which to test the decision of the trial court and, therefore, no basis on which to determine whether the verdict was inconsistent as a matter of fact. *State* v. *Keating,* supra, 595. In such a case, the question whether a verdict is inconsistent may be considered only as a matter of law. In that connection the language of *Keating,* at 596, is appropriate: "Strictly as a matter of law on the record, there is no inconsistency in the verdict. In testing the verdict for inconsistency as a matter of law, we are necessarily limited to an examination of the offense charged in the information and the verdict rendered thereon without regard to what evidence the jury had for consideration." The defendant was charged with violating General Statutes §§ 53-21 and 53-217. On their faces, §§ 53-21 and 53-217 are not identical. They consist of different elements. At the least, § 53-217 requires some touching, or some intent to touch, or cause a fear of touching. There is no such requirement in § 53-21.

Thus, a conviction of one crime is not inconsistent on its face with an acquittal on the other. See *State v. Silver*, 139 Conn. 234, 244, 93 A.2d 154.

There is no error.

In this opinion the other judges concurred.