STATE OF CONNECTICUT *v.* ROBERT MICHAELS

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 243

Argued June 16—decided October 29, 1976

*Mark F. Gross,* for the appellant (defendant).

*Richard Damiani,* assistant prosecuting attorney, with whom, on the brief, was *Cathy Roberts,* student intern, for the appellee (state).

PER CURIAM. The defendant was found guilty by a jury of operating a motor vehicle while under the

influence of intoxicating liquor in violation of General Statutes § 14-227a. He claims error in the denial of his motion for a continuance which he requested because of the absence of his expert witness and, also, in the denial of his motion to dismiss for lack of a speedy trial.

The defendant was arrested on December 29, 1973, and was ordered to appear in court on January 18, 1974. The case was continued from time to time while the prosecutor and the defendant discussed the arrangement of a date for trial which would be convenient for the expert witnesses which each party intended to call. On November 15, 1974, at a conference with the parties, a judge (*Eielson, J.*) directed the prosecutor to obtain some dates on which the state's toxicologist could testify and to notify the defendant so that his expert could also attend. Assignment lists scheduling the case for trial on December 11, 1974, January 17, 1975, and March 7, 1975, were sent to the defendant, but he requested further continuances because his expert was not available. On January 9, 1975, the defendant wrote a letter to the prosecutor seeking a list of dates suitable for the state's expert so that a mutually agreeable trial date could be arranged. On March 4, 1975, the defendant visited the prosecutor's office and again discussed setting a trial date. At last, on April 2, 1975, the prosecutor notified the defendant that the case had been continued for trial until May 6, 1975, and that this was the final continuance date by direction of the court. When notified of the trial date, the defendant's expert, who resided outside the state, replied that he could not attend on that date because of other court commitments and indicated that his calendar had become crowded three or four weeks in advance. On April 17, 1975, after the defendant learned of the death of another witness he intended to call at

the trial, he filed a motion to dismiss the case because of the failure of the state to arrange for a trial of the case before the death of the witness. On the date of the trial, May 6, 1975, the defendant's request for a further continuance because of the unavailability of his expert was denied. His motion to dismiss was also denied.

We can find no abuse of discretion in the trial court's denial of the motion for a further continuance. *State* v. *Manning,* 162 Conn. 112, 121. It was apparent that the extremely busy schedule of the defendant's expert witness severely restricted his availability for a trial in this state, as the defendant must have realized. Repeated attempts to accommodate him had been made for over a year. He could not attend even when notified over a month in advance. As the trial court observed, it is the parties and witnesses who must arrange to follow the trial schedule established by the court and not the reverse. The congested state of trial dockets, particularly in jury cases, is such that it is impossible for witnesses to testify by special appointment. The efforts to accommodate this particular witness had resulted in a trial delay of more than a year.

It is inconceivable that the defendant failed to arrange for another qualified expert to testify in his behalf when he became aware of the very limited availability of the expert witness he had chosen. Although he was informed, about a month before trial, of the unavailability of this witness on the trial date for which a final continuance had been granted, the defendant made no effort to arrange for his deposition or to obtain another expert. So far as the record discloses, the particular expert he engaged had never examined the defendant nor did he have any firsthand knowledge of the facts of the case. The defendant indicated to the trial court that the expert's testimony would have con-

sisted of opinions based on his general knowledge of the effects of alcohol upon a person's ability to drive. Any other similarly qualified person could have supplied the same testimony.

It is the obligation of the parties to provide for the attendance of witnesses on the trial date assigned. Only where good cause is shown may a continuance properly be granted. Practice Book § 842A.[1] The trial court did not err in denying the request for another postponement of the trial under all the circumstances.

The defendant's motion to dismiss the case because of the death of one of his witnesses was based upon the claim that the prosecutor did not comply with the agreement reached at the conference on November 15, 1975, as informally directed by the judge, to send the defendant a list of dates on which the state's expert witness would be available. The case was actually scheduled for trial on several occasions after that conference. Presumably the state would have been ready to proceed on each of those dates, but continuances were requested by the defendant. Although the state never fur-

---

[1] Practice Book § 842A, which was repealed as of October 1, 1976, provided as follows: "Continuances requested by the prosecuting attorney or defense counsel shall be granted sparingly and only with the approval of the judge."

In seeking the postponement the defendant never attempted to comply with Practice Book § 156 which provides as follows: "Whenever a motion is made for the postponement or continuance of a cause on account of the absence of a material witness, such motion, if the adverse party requires it, shall be supported by an affidavit stating the name of the absent witness, if known, and the particular facts which, it is believed, may be proved by him, with the grounds of such belief. The court may refuse to continue such cause if the adverse party will admit that the absent witness would, if present, testify to the facts stated in the affidavit, and will agree that the same shall be received as evidence on the trial, in like manner as if the witness were present and had testified thereto. Such agreement shall be made in writing at the foot of the affidavit and signed by the party or his attorney. . . ."

nished a list of available dates to the defendant, as may have been contemplated, we cannot attribute any substantial part of the trial delay to that fact. The defendant displayed no particular concern about bringing the case to trial promptly and it is evident that the principal source of delay was the unavailability of his chosen expert witness. Although the death of one of his witnesses raised the likelihood of prejudice to the defendant from the delay, the fact that his own requests for continuances were the major cause of delay precludes any claim that his right to a speedy trial was violated. *Barker* v. *Wingo,* 407 U.S. 514, 530. The motion to dismiss was properly denied.

There is no error.

PARSKEY, D. SHEA and SPONZO, Js., participated in this decision.