[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO PRECLUDE TESTIMONY AND TO DISQUALIFY ATTORNEY
This case arises from a dispute concerning the construction of a wastewater treatment plant located in Bristol, Connecticut. The defendant in this action, C.H. Nickerson Co., Inc. [Nickerson], served as the general contractor on the project, and the plaintiff, AA Electrical Contractors, Inc. [AA], was the electrical subcontractor.
During the course of construction, problems arose in connection with the electrical work. Nickerson retained Howard Wexler [Wexler] to serve as a consultant in connection with the various electrical problems. As a result of these electrical problems, Nickerson made claim against the City of Bristol for additional costs. Wexler, among other services, met with Nickerson's attorneys and assisted them in presenting their claim to Bristol. It appears from his deposition that Wexler was involved in setting up the claim file concerning the work now in dispute between Nickerson and AA and attended meetings at which Nickerson's attorneys were present, including a formal pre-claims counseling session where Wexler signed in as a representative of Nickerson. In addition, Wexler acknowledges that he was present when strategy concerning Nickerson's claim against Bristol was discussed.
After the dispute concerning the electrical wiring of the project was settled between Nickerson and the City of Bristol, AA, Nickerson's electrical subcontractor, filed this action against Nickerson. AA disclosed Wexler, Nickerson's former expert consultant, as its expert witness. At the time Wexler was hired by AA, both AA and its attorneys knew that Wexler had previously been retained by Nickerson to work on the same issues now in dispute in the AA Electrical Contractors, Inc. v. C.H. Nickerson Co., Inc. litigation. Nickerson now moves to disqualify the expert testimony of Wexler and to disqualify Rogin, Nanam, Caplan, Lassuan Hirtle as counsel for the plaintiff in this case. CT Page 10691
I. Motion to Disqualify Expert
As a general rule, the attorney client privilege extends to all persons who act as the attorney's agents. See State v. Hanna, 150 Conn. 457, 465, 191 A.2d 124
(1963); 8, Wigmore on Evidence 2301, at 583 (1961). The Connecticut Supreme Court has recognized that the attorney-client privilege extends to expert witnesses. See State v. Toste, 178 Conn. 626, 628, 424 A.2d 293 (1979) (where an expert "is retained by a criminal defendant . . . for the sole purpose of aiding the accused and his counsel in the preparation of his defense, the attorney-client privilege bars the state from calling the expert as a witness").
Although Connecticut case law has not explicitly addressed the issue, federal case law has developed a two-step analysis to determine whether an expert should be disqualified based on a previous relationship with the opposing party. Under that analysis the court should determine:
 First, was it objectively reasonable for the first party who claims to have retained the [expert] to conclude that a confidential relationship existed? Second, was any confidential or privileged information disclosed by the first party to the [expert]?
Mayer v. Dell, 138 F.R.D. 1, 3 (D.D.C. 1991); Wang Laboratories, Inc. v. Toshiba Corp., 762 F. Sup. 1246,1248 (E.D. Va. 1991); Paul v. Rawlings Sporting Goods Co.,123 F.R.D. 271, 278 (S.D. Ohio 1988); see also Marvin Lumber Cedar Co. v. Norton Co., 113 F.R.D. 588 (D.Minn. 1986) (expert disqualified since expert had been engaged as consulting engineer for opposing party in the past and matters involved in pending suit were substantially related to prior relationship). "If the answers to both inquiries are affirmative, then disqualification is compelled; if, on the other hand, the answers to either inquiry is negative, disqualification may not be warranted." Mayer v. Dell, supra. Of course, the party seeking disqualification bears the burden of establishing both the existence of a privilege and its non-waiver. Mayer v. Dell, supra; Wang Laboratories, Inc. v. Toshiba Corp., supra. CT Page 10692
In making the two-step inquiry, we find that it was objectively reasonable for Nickerson to conclude that a confidential relationship did exist between Nickerson and Wexler. Wexler met with Nickerson's attorneys on several occasions and assisted them in presenting the claim against the City of Bristol for additional expenses relative to the electrical work on the project. Wexler was involved in setting up the claim file against the City of Bristol, attended meetings with Nickerson's attorneys, and signed in as a representative of Nickerson at a formal pre-claims counseling session with the City of Bristol. In addition, although his actual participation is disputed, Wexler acknowledges that he was present when strategy concerning Nickerson's claims against the City of Bristol was discussed.
In considering the second component, we find that confidential and privileged information was disclosed in the presence of the expert Wexler. During Wexler's deposition, the following interchange took place:
 Q. But during that meeting, it was strategy about how to present Nickerson's claims to the city of Bristol?
A. Yes, I believe it was; yes, sir.
Q. And you were in the room when that occurred?
A. Yes.
Courts in other states have precluded individuals in circumstances similar to those of Wexler from giving expert testimony. In Conforti Eisele, Inc. v. New Jersey,170 N.J. Super. 64, 405 A.2d 487 (1979), a technical consultant was precluded from testifying, the court holding that the attorney-client privilege prohibited disclosure of confidences revealed during the time when the expert was retained by the defendant, and that the privilege also applied to confidences revealed with regard to other phases of litigation. In addition to the attorney-client privilege, the court felt compelled to restrain the expert's testimony on the ground that it would be fundamentally unfair to the defendant to permit such a situation to occur, stating "Just as a former employee CT Page 10693 should be prevented from disclosing that which took time and expertise to develop, so too should a litigant be prevented from reaping similar benefits within the context of a lawsuit."
The attorney-client privilege, however, does not extend beyond communications. See State v. Manning,162 Conn. 112, 120, 291 A.2d 750 (1971); Trumpold v. Besch,19 Conn. App. 22, 28, 561 A.2d 438 (1989). "Thus, an attorney is not bound to remain silent as to all information regarding his client, but only as to that information born of confidential communication." State v. Manning, supra, 121; Trumpold v. Besch, supra, 28. In Barksdale v. Harris, supra, the appellate court held that "[o]nce a physician examines a plaintiff, the physician then possesses firsthand knowledge as to the extent and nature of the plaintiff's injuries, and can be called upon by either party to testify as to that knowledge. Id., 761. In Wang Laboratories, Inc. v. C.F.R. Associates, Inc., 125 F.R.D. 10, 13-14 (D.Mass. 1989), a federal district court held that even though a former employee could not serve as an expert witness as to information obtained while employed by the opposing party, the former employee could testify as a fact witness. Accordingly, although we disqualify Wexler from giving expert testimony, he may appear as a factual witness able to testify as to his observations of the project in his capacity as a technical consultant.
II. Motion to Disqualify Counsel
"Disqualification of counsel is a remedy that serves to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information." Bergeron v. Mackler, 225 Conn. 391, 397
(1993).
This court has "broad discretionary power to determine whether an attorney should be disqualified for an alleged breach of confidentiality or conflict of interest." State v. Jones, 180 Conn. 443, 448 (1980). Where issues of disqualification arise, however, the court must be "`solicitous of a client's right freely to choose his counsel'; mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and `may lose the benefit of its CT Page 10694 longtime counsel's specialized knowledge of its operations.'" Bergeron v. Mackler, supra, 397-98. The party seeking disqualification has the burden of proving that such an action is justified. Evans v. Artek Systems Corp., 715 F.2d 788, 792 (2d Cir. 1983).
Defendant argues the Rogin firm must be disqualified under the rule of Goldenberg v. Corporate Air, Inc.,189 Conn. 504, 296 (1983), overruled on other grounds, Burger Burger, Inc. v. Murren, 202 Conn. 660 (1987). In Goldenberg the Supreme Court affirmed a trial court's decision to disqualify a law firm representing a defendant which had retained an accident investigation from employing a lawyer formerly employed by another defendant, stating a staff attorney employed by one of the defendants played a role in the preparation of that defendant's case. Prior to trial, the staff attorney left the defendant's firm and joined an accident investigation and insurance adjusting firm. Subsequently, an attorney for a co-defendant retained this accident investigation and insurance adjusting firm and consulted with his co-defendants' former counsel in connection with the litigation. The trial court disqualified the law firm. In affirming the trial court's decision, our Supreme Court declared: "Where the opportunity for disclosure of confidential information to an adversary is shown, the breach of confidence would not have to be proved; it is presumed in order to preserve the spirit of the Code." Id., 512.
In MMR/Wallace Power Industrial, Inc. v. Thames Associates, 764 F. Sup. 712 (D. Conn. 1991), the court disqualified a law firm based on the firm's retention of a non-lawyer former employee of their adversary. The court, relying on Goldenberg, stated:
There is nothing in the Goldenberg opinion to suggest that the court's finding of an irrebuttable presumption of shared confidences turned on Flaherty's having been an attorney, or that such a presumption would not also apply to an individual who had obtained confidential information as a result of having been employed in some other "substantial relationship." Id., 726 n. 24.
We are unable to find the kind of factors in this case that warranted the court's presumptions of shared confidences resulting from a "substantial relationship" in CT Page 10695 MMR/Wallace and Goldenberg. Moreover, since we have barred the employment of Nickerson as an expert witness, we do not believe retention of the Rogin firm is likely to result in further danger of misuse of confidential information.
Finally, we are unable to find sufficient indications of "pirating" by the Rogin firm or other breaches of the Code of Professional Ethics sufficient to justify its disqualification as an attorney for the plaintiff.
Motion to Preclude Wexler as Expert Witness granted.
Motion to disqualify Rogin firm denied.
No costs taxed to either party.
Rogin, Nassau, Kaplan, Lassman Hirtle for plaintiff.
Pepe Hazard for defendants.