[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Defendant has moved to quash a notice of deposition filed by the Plaintiff with Attorney Charles A. Fiore. The Plaintiff has objected to the Defendant's motion.
The Defendants have raised a special defense that 1) Attorney Fiore exceeded the scope of a power of attorney; and 2) the officers and directors of the corporation exceeded their authority to act, contradicting an opinion letter submitted to the original creditor by Attorney Fiore.
The Plaintiff seeks to question Attorney Fiore regarding a few simple matters, particularly the validity of his own acknowledgement. To refuse the Plaintiff this information would CT Page 2048 be to completely frustrate the purpose behind having an acknowledgement. So long as the Plaintiff limits his questions to the acknowledgement and the circumstances surrounding it, this does not implicate the attorney client privilege. The case that the Defendant cites supports this very proposition. "[A] witness to a will, although attorney for the testator, is permitted to disclose everything which he knew concerning his attestation and the circumstances surrounding and leading up to it." Doyle v.Reeves, 112 Conn. 521, 525 (1931).
 The fact that an attorney may not disclose privileged communications between himself and his client does not affect his capacity and his duty to testify as to other matters when called on to do so. . . . Thus, an attorney is not bound to remain silent as to all information regarding his client, but only as to that information born of confidential communication.
 State v. Manning, 162 Conn. 112, 120-121 (1971) (emphasis added).
The Plaintiff also wishes to question Attorney Fiore regarding an opinion letter executed by Attorney Fiore to the original creditor in which he advised the creditors that the borrowers and guarantors had the requisite corporate power and authority to enter into the loan agreement now in dispute.
Rule 2.3 of the Connecticut Rules of Professional Conduct permits an attorney to render such an evaluation to a third party. Rule 2.3(b) specifically provides an exception to the confidentiality requirement "as disclosure is required in connection with a report of an evaluation." The commentary to those rules states that
 [w]hen the evaluation is intended for the information or use of a third person, a legal duty to that person may or may not arise. . . . [T]he lawyer should advise the client of the implications of the evaluation, particularly the lawyer's responsibilities to third persons and the duty to disseminate the findings. (emphasis added)
Therefore not only are Attorney Fiore's findings regarding his opinion letter not privileged, he has an ethical duty to disclose the basis for his evaluation. CT Page 2049
Rule 1.6(d) provides that a "lawyer may reveal such [confidential] information . . . to respond to allegations in any
proceeding concerning the lawyer's representation of the client." (emphasis added) Therefore information regarding whether Attorney Fiore exceeded the scope of the power of attorney is not privileged.
In conclusion, the Plaintiff's objection to the Defendants' motion to quash is granted. The Plaintiff's request to hold the deposition in the courthouse is denied. Attorney Fiore should answer any questions regarding the validity of any acknowledgement he took, the scope of his power of attorney, and the basis for his opinion letter advising that the borrowers and guarantors had the requisite corporate authority.
BY THE COURT,
RICHARD J. TOBIN JUDGE OF THE SUPERIOR COURT