[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 25, 1994 the petitioner was convicted by a jury of burglary in the third degree and felony murder, and on July 24, 1994 the Court, Murray, J., sentenced the petitioner to fifty years in prison. The petitioner's conviction was upheld by the Connecticut Supreme Court, Statev. James, 237 Conn. 390 (1996). Petitioner has brought this habeas corpus petition claiming that his counsel was ineffective and he seeks a new trial. On April 27, 2001, this Court held a hearing on petitioner's petition. Briefs of both parties were subsequently filed in May and June by the parties, and on or about July 5, 2001 the parties responded in writing to eleven questions propounded to them in writing by the Court on June 25, 2001. Both parties agreed in their summations to the jury and in their briefs that the main or sole evidence against the defendant was his statement (confession) Even the trial court in its charge to the jury indicated that only the statement of the defendant links or inculpates Mr. James in any way to the crimes charged. Therefore, the validity of the confession was the primary issue before the jury. There was no fingerprint or DNA evidence. The defendant testified as to the circumstances of the making of the confession and rejected it.s accuracy and its voluntariness. Police officers who obtained the confession testified in the state's case-in-chief that the confession was voluntarily and freely given after advisement of rights and that it was accurate as given by the defendant. Accordingly, the credibility of the defendant was an important issue in this trial. The state's attorney prior to the commencement of testimony had advised defense counsel and the Court out of the presence of the jury that the state intended to introduce certified copies of five out of state convictions of the defendant if he testified. The defendant did testify in his defense as described concerning the confession. During cross examination by the state's attorney, no mention was made of prior convictions. The defendant was not asked about prior convictions in any way, and the certified copies were not introduced. Following the close of the defendant's case-in-chief, there was a conference with counsel and the court in chambers during which the state's attorney indicated that she was going to present the certified copies of the convictions as rebuttal. The defense attorney objected claiming that it was not proper rebuttal. She was overruled by the Court in chambers. However, none of the in chambers conference was on the record. Prior to the rebuttal, defense counsel again objected, this time on the record, out of the presence of the jury to the use of the prior convictions. She raised issues such as remoteness, but never raised on the record that the objection was based at least in part on the introduction of the certified copies as being improper rebuttal. It has been conceded by the parties that she never, even in motions for a mistrial, a new trial, etc., mentioned improper rebuttal as a reason for objecting to the introduction of the certified copies. Even a motion in limine at the beginning of the trial including oral argument thereon did not mention that to introduce them in rebuttal CT Page 8848 was improper. of course, prior to the trial she had no way of knowing that it would be introduced in rebuttal. During testimony in the habeas trial the defense counsel at the criminal trial gave as her reason for not raising it on the record that she simply forgot to raise it.
 STANDARD OF REVIEW
It is well settled law that ineffective assistance of counsel claims are evaluated under the two prong tests of Strickland v. Washington,466 U.S. 668 (1984). The petitioner must demonstrate that his attorney's performance fell below an objective standard of reasonableness, and secondly the petitioner must show that there is a reasonable probability that, but for his attorney's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome. Strickland v.Washington, supra, 466 US at 694.
 INEFFECTIVE ASSISTANCE OF COUNSEL State v. Manning, 162 Conn. 112, 119, 120 (1971) held that defense counsel, in violation of the rules of practice, did not at the trial succinctly state the grounds for his objections to the testimony of the state's two rebuttal witnesses, and, therefore, his belated claim, on appeal, that their testimony was inadmissible could not be considered. "In the absence of a specific ground of objection we do not usually consider the ruling . . . Because the claim was not before the Court at the time of the ruling, it is not considered." Id. 119, 120. The Court admires the candor of the defense attorney who testified at the habeas trial. However, her failure to object on the record to the Court permitting the five previous convictions to be admitted as rebuttal on the ground that it was not proper rebuttal was below the standard of competence of defense attorneys in the area in such a situation based upon an objective standard of reasonableness. Accordingly, for this reason, this Court finds that the petitioner received ineffective assistance of counsel at his criminal trial.
 WAS PETITIONER PREJUDICED?
In assessing the second prong of Strickland v. Washington, supra, the Court must determine whether but for counsel's error there is a reasonable probability that the result of the proceeding would have been different. The petitioner has failed to prove that it would have been different. There is no question that if the defense attorney had objected on the record it would have been overruled by the Court. Her failure, however, was to not preserve that objection for appeal. Accordingly, the only thing that would have been different in the outcome is that this CT Page 8849 would have been an appealable issue. The remedy for the petitioner would be for this Court to overcome the ineffective assistance by granting the petitioner a right to appeal this issue notwithstanding that it was not preserved for appeal at trial. That is the result that would have been different. The outcome of the trial would not have been different because the trial court would clearly, as stated in chambers, have overruled the objection, and the trial would have proceeded as it did.
The question of whether to restore or give to petitioner a right to appeal this issue requires an analysis of whether he would likely be successful in appealing that issue. This Court concludes that he would not be successful for the following reasons:
1. It is well-settled law in Connecticut[1] that rebuttal can be used to impeach the credibility of the defendant's witness. A prior conviction used to impeach may be proved "either by questioning the witness or by introduction of a certified copy of the judgment reflecting the conviction" State v. Denby, 198 Conn. 23, 29-30 (1985). Tait LaPlante, Sec. 7.21.3 states "that the impeacher should also be able to offer the certified copy without first having asked the witness about it on cross-examination. See State v. Denby, supra." This goes to the timing of when the certified copy is offered and whether, therefore, it is proper rebuttal. However, this Court's review of State v. Denby reveals that it is silent on this issue. State v. Denby does not state that the certified copy may be offered on rebuttal.
The leading case on this issue is State v. Sauris, 227 Conn. 389, 410,411 (1993), which is still good law in Connecticut. "The defendant argues on appeal that there is no limitation in our Connecticut practice as to when he could introduce the conviction, and that the trial Court abused its discretion in disallowing it. We agree." Id. 411.
"Prior convictions, when offered to impeach credibility through the inference of general bad character, may be proved either by questioning the witness or by introduction of a certified copy of the judgement reflecting the conviction" citing State v. Denby, supra.
"We have yet to determine, however, the precise time when such an offer of this type of evidence should be made . . . as a prefatory matter, we note that the federal rule governing impeachment by proof of convictions limits the offer of such evidence to the cross-examination of the witness. (see footnote 16). We have no similar rule in Connecticut, and CT Page 8850 we decline to establish one today . . . We see no reason to burden that right (to impeach the credibility of the witness) by limiting the offer of copies of criminal convictions to the time of cross-examination. . . . Practice Book 874 (Now 42-35), which establishes the order of procedure in a criminal trial, provides in subsection (3) that `[t]he prosecuting authority and the defendant may present rebuttal evidence in successive rebuttals, as required' unless the trial court `for cause' permits otherwise." Id. 412.
The Sauris court pointed out that if the prior convictions are introduced in rebuttal, the other side can always ask for surrebuttal to counter those convictions. In the case at bar defense counsel did not ask for surrebuttal which may have been proper on the basis that the defendant might not have had a good explanation for his commission of those five prior crimes, and/or it would only tend to further highlight his record. In any event, this habeas court has no evidence from the habeas trial that surrebuttal would have done any good or changed the outcome.
In Sauris, supra, the attempt by the defendant in that case to introduce a certified copy of the 1989 conviction of the state's witness was denied by the trial court on the basis that it should have been offered during cross-examination of the witness. The Supreme Court did conclude "that the trial court abused its discretion by excluding the defendant's offer of the certified copy of Gerry Deziel's 1989 felony conviction." However, the Supreme Court found that the error by the trial court was harmless since the defense had already successfully impeached that witness.
It is also well settled law in Connecticut that the "admission of rebuttal evidence is ordinarily within the sound discretion of the trial court . . . further, every reasonable presumption will be given in favor of upholding the court's ruling when ascertaining if the ruling amounted to an abuse of discretion." State v. Riccio, 41 Conn. App. 847, 854
(1996)
For all of the foregoing reasons, it is clear under the decision inState v. Sauris, supra, by which this Court is bound, that the Supreme Court would not look favorably on the petitioner's appeal if this Court were to restore his right to appeal that one issue.
Petitioner not having met or fulfilled the second prong of Stricklandv. Washington, supra. the petition for habeas corpus is denied.[2][3]